UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Randy D. Plasterer
aka Randy Ashley Plasterer,

                   Debtor.

-------------------------------------------------------------x

Case No. 8-24-70347-las

Chapter 13

## MEMORANDUM ORDER DENYING DEBTOR'S
## MOTION TO REVERSE FORECLOSURE SALE

Before the Court is the motion of the debtor, Randy D. Plasterer a/k/a/ Randy Ashley Plasterer, dated January 30, 2024 and filed on January 31, 2024 [dkt. no. 13], seeking an order rescinding or reversing the foreclosure sale held on January 29, 2024 of his principal residence located at 481 Deer Park Road, Dix Hills, NY 11746 (also known as 1 Tiana Place, Dix hills, NY 11746) (the "Property") by the mortgagee US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("US Bank Trust"). Debtor contends he has a buyer willing to purchase the Property for more than what the Property sold for at the foreclosure sale and that US Bank Trust will be paid in full. A hearing was held on February 6, 2024 ("Hearing") at which the debtor appeared *pro se*. For the reasons set forth on the record made at the Hearing and as stated herein, the motion is denied.[1]

I.      Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5,

---

[1] At the conclusion of the Hearing, the Court denied the motion. This Memorandum Order is consistent with and explains further the bases of the Court's ruling.

1

2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A) which the court may hear and determine. 28 U.S.C §157(b)(1).

II.    Factual and Procedural Background[2]

Debtor filed for relief under chapter 13 of the Bankruptcy Code on January 29, 2024 seeking to halt the foreclosure sale of the Property scheduled for that day. As discussed below, this is debtor's fourth bankruptcy filing within the past two years. Each of debtor's three prior bankruptcy filings triggered the automatic stay under 11 U.S.C. § 362(a)[3] and stayed a scheduled foreclosure sale. Because debtor's last two bankruptcy cases were pending and were dismissed within the one-year period year prior to the date he commenced this current chapter 13 case, the automatic stay did not go into effect upon filing of this chapter 13 case. 11 U.S.C. § 362(c)(4)(A)(i). Thus, the January 29, 2024 foreclosure sale was not automatically stayed by the commencement of debtor's chapter 13 case that very same day. The foreclosure sale continued, and the Property was sold to a third party.

A.    First Bankruptcy Case

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on March 18, 2022, Case No. 8-22-70481, with the assistance of counsel. This filing triggered the automatic stay and stayed a foreclosure sale of the Property scheduled for March 21, 2022. The chapter 13 trustee filed a motion to dismiss on April 12, 2022 due to debtor's failure to (i) file, among other items, bankruptcy schedules, a statement of financial affairs, the means test, and a chapter 13 plan, and (ii) appear at the initial meeting of creditors under § 341 to

---

[2] Unless otherwise indicated, the relevant facts are undisputed and are drawn from the record in each of debtor's four bankruptcy filings. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 Fed. Appx 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket).

[3] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

2

be examined. Before the motion to dismiss could be heard, the debtor's case was automatically dismissed pursuant § 521(i) on May 3, 2022 for failure to file all of the information required under § 521(a)(1) within 45 days after the date he filed his chapter 13 petition.

    B. Second Bankruptcy Case

After dismissal of debtor's chapter 13 case on May 3, 2022, a foreclosure sale was scheduled for July 12, 2022. On July 5, 2022, seven days before the scheduled foreclosure sale date, debtor, represented by the same counsel that represented him in his first bankruptcy case, filed for relief under chapter 11 of the Bankruptcy Code, Case No. 8-22-71632. The chapter 11 filing triggered the automatic stay, and the foreclosure sale was cancelled. The debtor's bankruptcy counsel withdrew in the Fall of 2022 over irreconcilable differences and debtor proceeded *pro se* in his chapter 11 case. Despite the opportunity to propose a feasible chapter 11 plan that called for retention of the Property and a modification of the mortgage debt, debtor was unable to reach agreement with the mortgagee and could not, as a matter of law, propose and confirm a chapter 11 plan that unilaterally modified the rights of the holder of the mortgage on the Property. *See* 11 U.S.C. §§ 1123(b)(5), 1129(a)(1), (2). The chapter 11 case was subsequently dismissed on motion of the United States Trustee on August 4, 2023. The debtor appealed the dismissal of his chapter 11 case and sought a stay pending appeal, which this Court denied. The appeal is pending before the United States District Court for the Eastern District of New York.

    C. Third Bankruptcy Case

After dismissal of debtor's chapter 11 case on August 4, 2023, a foreclosure sale was scheduled for October 4, 2023. On October 3, 2023, one day before the scheduled sale date, debtor, proceeding *pro se*, filed a petition for relief under chapter 13 of the Bankruptcy Code, Case No. 23-73665. The chapter 13 filing triggered the automatic stay, and the scheduled foreclosure sale was cancelled. On October 5, 2023, the chapter 13 trustee moved to dismiss

the debtor's case with prejudice, i.e., a bar to debtor filing a chapter 13 petition for 180 days, alleging, *inter alia*, that debtor sought protection of chapter 13 solely to invoke the automatic stay under § 362(a) to stop the foreclosure sale. Before the scheduled hearing date on the chapter 13 trustee's motion, debtor voluntarily dismissed the chapter 13 case and avoided a hearing and determination on whether grounds existed to dismiss his case with prejudice. The chapter 13 case was dismissed on November 1, 2023.

D.  Fourth Bankruptcy Case

After dismissal of debtor's third bankruptcy case on November 1, 2023, a foreclosure sale was scheduled for January 29, 2024. The debtor's foreclosure counsel, Ronald D. Weiss, Esq., submitted an affirmation, dated January 24, 2024, and an affidavit of debtor, sworn to on January 19, 2024, to the state court in support of a request that the state court issue an Order to Show Cause as to why the judgment of foreclosure and sale should not be reversed and the January 29, 2024 foreclosure sale be stayed pending a hearing and determination of the Order to Show Cause. On January 25, 2024, the state court declined to enter the Order to Show Cause noting that the application was untimely given that, among other things, the judgment of foreclosure and sale was entered on November 2, 2020, and an attempt by debtor to sell the Property was an invalid reason to stay the scheduled foreclosure sale. [dkt. no. 14]. Having failed to obtain a stay of the pending foreclosure sale from the state court, the debtor again turned to this Court and filed a petition for relief under chapter 13 of the Bankruptcy Code on January 29, 2024, the foreclosure sale date.

The foreclosure sale proceeded, and the Property was sold to a third party. On January 31, 2024, two days after the foreclosure sale, debtor filed this emergency motion [dkt. no. 13] seeking to rescind or reverse the sale. The Court entered an Order on January 31, 2024 [dkt. no. 15] scheduling a hearing on debtor's motion on shortened notice and directed debtor to serve US Bank Trust, secured creditors and their counsel, all unsecured creditors, and the

chapter 13 trustee by overnight mail for next morning delivery. The Court also directed that debtor serve, by e-mail, the Order scheduling the hearing together with the motion on McCalla Raymer Leibert Pierce, LLC, one of the mortgagee's attorneys. While the debtor served the chapter 13 trustee and creditors, he did not serve the Order and motion on either McCalla Raymer Leibert Pierce, LLC or Stern & Eisenberg, PC, the mortgagee's other attorneys who have appeared in this chapter 13 case. [Dkt. Nos. 20, 24]. As a result, no opposition to the motion was filed by the mortgagee or its counsel.

The Court held a hearing on debtor's motion on February 6, 2024 at which the debtor appeared. There was no appearance by the mortgagee's counsel. As noted by the Court at the hearing, debtor's failure to comply with the scheduling order and properly serve mortgagee's counsel renders the motion procedurally defective. Nevertheless, the Court addressed the substantive issue raised by debtor's motion for purposes of expediency and judicial economy.

III.   Discussion

There is nothing novel about the facts of this case and is one specifically addressed by section § 362(c)(4) which provides in relevant part:

> (A) (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) of shall not go into effect upon the filing of the later case;
> . . .
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
> (C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect . . . .

11 U.S.C. § 362(c)(4).

As discussed above, when the debtor filed for chapter 13 relief on January 29, 2024, he had two prior bankruptcy cases that were "pending within the previous year but were dismissed," i.e., (1) a chapter 11 case, Case No. 8-22-71532, which was dismissed upon motion of the United States Trustee on September 4, 2023, and (2) a chapter 13 case, Case No. 8-23-73665, which he voluntarily dismissed on November 1, 2023. As such, § 362(c)(4) applies, and the automatic stay under § 362(a) did not go into effect upon commencement of the debtor's current chapter 13 case. The scheduled foreclosure sale was therefore not stayed by the debtor's filing a chapter 13 petition on January 29, 2024.

Notwithstanding the clear command of the statute, the debtor argued at the hearing that the "deputy" should not have continued with the foreclosure sale once he presented evidence of his bankruptcy filing on January 29, 2024 because the "deputy" could not have known that (i) the debtor was a serial filer and (ii) the automatic stay did not come into effect. The debtor's argument is misplaced. The absence of the automatic stay under § 362(c)(4) is not contingent upon whether creditors and third parties are aware of how many bankruptcy cases a debtor has filed within the past year. Rather, it expressly provides that the automatic stay shall not go into effect if a debtor had two or more cases pending and dismissed within the previous one-year period. 11 U.S.C. § 362(c)(4)(A). If the debtor has other concerns about how the foreclosure sale was conducted, those issues would be more properly before the state court and not the bankruptcy court.

Additionally, as the Court discussed at the Hearing, the debtor did not request in his motion that the automatic stay be imposed under § 362(c)(4)(B), but rather sought to reverse or rescind the foreclosure sale. Even if debtor did make such a request to impose the stay and demonstrate, by clear and convincing evidence, that the filing of his current chapter 13 case was made in good faith and if the Court were so inclined, for purposes of argument, to impose a stay under § 362(c)(4)(B), such stay would only be effective on the date of entry of the order.

6

11 U.S.C. § 362(c)(4)(C).  The Court cannot retroactively impose the automatic stay to January 29, 2024 to "undo" a foreclosure sale that has already occurred.

> A retroactive imposition of the automatic stay is at odds with the plain language of subsection § 362(c)(4), stating that a stay imposed under § 362(c)(4)(B) "shall be effective on the date of the entry of the order allowing the stay to go into effect." This court cannot use its equitable powers to impose the stay retroactively, doing so would override the explicit mandate requiring that any stay imposed under §362(c)(4)(B) "shall" be effective on the date of the entry of the order. *See, In re Cook*, 614 B.R. 635, 643 (Bankr. N.D. Ga. 2020)(citing *Law v. Seigel*, 571 U.S. 415, 421, 134 S.Ct 1188, 1194, 188 L.Ed.2d 146 (2014)).
>
> Imposing the automatic stay retroactively and "undoing" the foreclosure would be more than a *nunc pro tunc* order – doing that which should have been done previously. *See, Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, ___ U.S. ___, 140 S.Ct. 696, 701, 206 L.Ed.2d 1 (2020). It would be divesting otherwise vested rights from parties under applicable state law. *See, In re Nagel*, 245 B.R. 657, 662 (D. Ariz. 1999).

*In re Robie*, Case No. 21-31772, 2021 Bankr. LEXIS 2900, at *2-3 (Bankr. N.D. Ohio Oct. 20, 2021) (denying motion to impose the automatic stay retroactively to the petition date).

Further, the debtor's argument that he has a written offer to purchase the property for more than what the property sold for at foreclosure and he will pay the mortgagee in full is not a basis for the Court to rescind or reverse the sale. Viewing this argument in the context of a bankruptcy trustee seeking to claw back a transfer of a debtor's property, the Court observes that a transfer of property may be avoided as a constructively fraudulent transfer if made at a time a debtor is insolvent and less than reasonably equivalent value is received in exchange for the transfer. 11 U.S.C. §§ 544(b), 548(a)(1)(B). However, there is an irrebuttable presumption that a price received at a properly conducted foreclosure sale is reasonably equivalent value and the sale cannot be avoided by establishing that the property may have sold for more than the price received at the foreclosure sale or that the property has a value greater than the price paid at the foreclosure sale. The United States Supreme

Court has held that "a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure sale have been complied with." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544, 112 S. Ct. 1757, 128 L. Ed. 2d 556 (1994) (affirming lower court decision that a non-collusive and regularly conducted foreclosure sale cannot be challenged as a fraudulent transfer because consideration received is deemed reasonably equivalent value). Accordingly, the foreclosure sale cannot be rescinded or reversed simply because the debtor maintains he can sell the Property at a higher price.

Moreover, under New York law, once property is sold at foreclosure, the mortgagor's ability to exercise the equitable right of redemption to pay off the mortgage debt terminates. "The right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered, and once the right to redeem is lost, it cannot be revived, even by court order." *Liberty Dabar Assocs. v. Mohammed*, 183 A.D.3d 880, 883 (2d Dep't 2020) (citing *LIC Assets, LLC v. Chriker Realty, LLC*, 131 A.D.3d 946, 947, 17 N.Y.S.3d 41 (2d Dep't 2015); *Kolkunova v. Guaranteed Home Mortg. Co.*, 43 A.D.3d 878, 878, 842 N.Y.S.2d 46 (2d Dep't 2007)). Because the debtor's equitable right of redemption terminated by operation of law at the conclusion of the foreclosure sale, the property ceased to be property of the debtor's bankruptcy estate. *Cook*, 614 B.R. at 646.

IV. Conclusion

For the reasons set forth above, debtor's motion to rescind and reverse the foreclosure sale is denied.

So ordered.

Dated: February 13, 2024
Central Islip, New York

_Louis A. Scarcella_
Louis A. Scarcella
United States Bankruptcy Judge